# UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Angel Batista,
    Petitioner,

vs.                              Case No. 1:08cv635
                                    (Spiegel, S.J.; Hogan, M.J.)

Warden, Trumbull Correctional
Institution,
    Respondent.[1]

## REPORT AND RECOMMENDATION

Petitioner, who apparently is currently incarcerated at the Trumbull Correctional Institution in Leavittsburg, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on respondent's motion to dismiss filed November 17, 2008 (Doc. 4), which is opposed by petitioner (Doc. 5).

### Procedural Background

On September 1, 2005, the Hamilton County, Ohio, grand jury returned an

---

[1] In the petition originally filed with the Court, petitioner properly named the Warden of Lebanon Correctional Institution (LeCI) as respondent, because petitioner was incarcerated at LeCI at that time. However, in a recent "Notice of Change of Address" filed on April 8, 2009, petitioner states that he is now incarcerated at Trumbull Correctional Institution (TCI) in Leavittsburg, Ohio. (*See* Doc. 6). Because it appears that TCI's Warden is the individual who currently has custody of petitioner, the caption of this case is hereby changed to reflect the proper party respondent. *See* Rule 2, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

indictment charging petitioner with two counts of murder in violation of Ohio Rev. Code § 2903.02 (Counts One and Two);[2] one count of having weapons while under disability in violation of Ohio Rev. Code § 2923.13(A)(3) (Count Three); and one count of promoting prostitution in violation of Ohio Rev. Code § 2907.22(A)(1) (Count Four). (Doc. 4, Ex. 1). Firearm specifications were attached to the two murder counts. (*Id.*).

On April 28, 2006, petitioner entered a guilty plea to a reduced charge of voluntary manslaughter as defined in Ohio Rev. Code § 2903.03 (Count One), to an attached firearm specification carrying a mandatory 3-year prison term, and to the weapons charge (Count Three). (*See id.,* Ex. 3).

In the filed written plea Entry, which was signed by petitioner and counsel for both parties, petitioner stated that he understood his "right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence." (*Id.*). Petitioner further stated that he understood and acknowledged that he had "agreed with the prosecution on a potential sentence, to wit: 10 yr Ohio Department Corrections on Ct. 1 plus 3 yr. For Gun Specification for total 13 yr on Ct. 1. 5 years ODC for Ct. 3 which is to be run concurrent to Ct. 1. Total sentence is 13 yrs. Ohio Department Corrections...." (*Id.*).[3]

Petitioner was sentenced that same date in accordance with the specific terms of the plea agreement to a prison term totaling thirteen (13) years. (*Id.,* Ex. 4). A "nunc pro tunc" final judgment entry was filed on May 23, 2006. (*Id.,* Ex. 5).

Petitioner did not pursue an appeal as of right from the trial court's judgment.

---

[2]The murder counts involved the same victim; one count charged petitioner with purposely causing the victim's death in violation of Ohio Rev. Code § 2903.02(A), and the second count charged petitioner with causing the death of the victim "as a proximate result of the defendant committing or attempting to commit an offense of violence, to wit: FELONIOUS ASSAULT," in violation of Ohio Rev. Code § 2093.02(B). (*See* Doc. 4, Ex. 1).

[3]In addition, in accordance with the parties' plea agreement, the second murder count with specifications, one of the specifications attached to Count One, and the "promoting prostitution" charge were dismissed. (*See* Doc. 4, Exs. 3, 4). It further appears from the plea entry that in exchange for petitioner's guilty plea, additional criminal charges filed against petitioner in two other separate cases, Nos. B0507428 and B0503046, were also dismissed. (*See id.*, Ex. 3).

2

Indeed, petitioner took no action to challenge his conviction or sentence until nearly two years later, when on March 17, 2008, he filed a *pro se* notice of appeal and motion for leave to file a delayed appeal to the Ohio Court of Appeals, First Appellate District. (*Id.*, Exs. 6, 7).

In the motion for delayed appeal, petitioner claimed that "his sentence is both unauthorized and contrary to law.." (*Id.*, Ex. 7). He argued as "cause" for his delay in filing that he would have filed a timely appeal but for his trial counsel's ineffectiveness in "failing to recognize, argue and brief the fact that Appellant's seven (7) year enhancement of sentence [in excess of the statutory presumptive six-year sentence for voluntary manslaughter with firearm specification] was imposed without subject matter jurisdiction of the trial court to do so." (*Id.*, pp. 1-3). Petitioner also contended that he should be granted a delayed appeal because he did not "knowingly, intelligently and voluntarily waive [h]is right to [an] appeal as of right." (*Id.*, p. 4).

On April 2, 2008, the Ohio Court of Appeals overruled petitioner's delayed appeal motion on the ground that "appellant has failed to provide sufficient reasons for failure to perfect an appeal as of right." (*Id.*, Ex. 9).

Petitioner timely appealed to the Ohio Supreme Court. (*Id.*, Ex. 10). In his memorandum in support of jurisdiction, petitioner alleged that (1) he was denied procedural due process when the Ohio Court of Appeals overruled his motion for delayed appeal "without factual evidence in the record indicating that [he] in fact waived his right to a timely appeal and his right to court-appointed counsel to perfect such appeal;" (2) the "trial court exceeded its sentencing authority in imposing more than the shortest prison term of six (6) years;" and (3) his trial counsel was ineffective in not only failing to advise petitioner of his right to appeal or to file a timely notice on petitioner's behalf, but also in failing to "recognize, argue and brief in the trial court at sentencing that only the 'shortest prison term' could [be] imposed." (*Id.*, Ex. 11).

On August 6, 2008, the Ohio Supreme Court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.*, Ex. 13).

Petitioner next commenced the instant habeas corpus action in September 2008. Petitioner avers in the petition, which was stamped as "filed" on September 17, 2008, that he placed the petition in the "prison mailing system on 9-10-08." (Doc. 1, p. 15).

3

Under *Houston v. Lack*, 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See, e.g., Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton*, 134 F.3d 109, 112-13 (3rd Cir. 1998); s*ee also In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Therefore, the undersigned will assume in petitioner's favor that the petition was "filed" under the prison mail-box rule on September 10, 2008.

In the petition, petitioner asserts the following three related grounds for relief challenging his sentence and trial counsel's failure to object to the sentence imposed:

> **Ground One:** Due process denial in violation of 14th Amendment where state trial court exceeded its sentencing authority.
>
> **Supporting Facts:** State trial court only had authority to sentence the Petitioner to the shortest term of three (3) years for the Manslaughter conviction & three (3) years for the firearm enhancement for toto of six (6) years.
>
> **Ground Two:** Ineffective assistance of trial counsel.
>
> **Supporting Facts:** Trial counsel rendered constitutionally ineffective assistance ... where he failed to recognize, argue and brief the fact that the trial court had authority to impose only the shortest prison term on Petitioner.
>
> **Ground Three:** Habeas corpus relief must be permanent.
>
> **Supporting Facts:** Since the only lawful sentence the [s]tate trial court was authorized to impose was the shortest prison term of six (6) years and no actual remedy exists in Ohio in [l]ight of [*State v. Foster*, 845 N.E.2d 470 (Ohio 2006),] habeas relief must be made permanent because of lack of [s]tate court jurisdiction.

(Doc. 1, pp. 6, 7, 9).

In response to the petition, respondent has filed a motion to dismiss. Respondent contends that the petition is barred from review by the one-year statute

4

of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214. (Doc. 4). Petitioner opposes respondent's motion. (Doc. 5).

## OPINION

### The Petition Is Barred From Review On Statute Of Limitations Grounds

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, the Court must first determine which, if any, limitations provision contained in 28 U.S.C. § 2244(d)(1) applies to petitioner's claims for relief.

Respondent contends that petitioner's claims are governed by the statute of limitations provision set forth in § 2244(d)(1)(A). (Doc. 4, Brief, p. 5). If that provision applies, the statute began to run at the latest on June 23, 2006, one day after the 30-day period expired for filing an appeal as of right to the Ohio Court of Appeals from the trial court's May 23, 2006 final "nunc pro tunc" judgment entry. (*Id.* & Ex. 5); *see also* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). Under this theory, the instant petition is time-barred because the one-year limitations period would have expired on June 23, 2007, and petitioner's subsequent unsuccessful motion for delayed appeal filed in March 2008 would not have served to toll the running of the statute, which had long since run its course, under 28 U.S.C. §

5

2244(d)(2).[4] *See Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998); *see also Smith v. McGinnis*, 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied*, 531 U.S. 840 (2000); *Sorce v. Artuz*, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania*, 30 F.Supp.2d 481, 485 (M.D. Pa. 1998); *cf. Cox v. Angelone*, 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo*, 981 F. Supp. 705, 706-07 (D. Mass. 1997).

Petitioner opposes respondent's position. First, he has suggested that no statute of limitations provision should apply because he has presented a jurisdictional issue which amounts to a "structural defect" that can be raised at any time. (*See* Doc. 5, p. 3). Even assuming, as petitioner argues, that jurisdictional claims are always subject to review on the merits despite a statute of limitations or other procedural bar, the undersigned is not persuaded that such a claim has been raised here.

Petitioner posits that the sentencing court lacked subject matter jurisdiction to impose a sentence exceeding the shortest prison term of six (6) years because the indictment failed to allege the additional essential elements required to be found by a jury beyond a reasonable doubt before any sentence in excess of the minimum could be imposed. (*See id.*). However, no court (including the Supreme Court in its seminal decision in *Blakely v. Washington*, 542 U.S. 296 (2004), and cases following *Blakely*) has held that the indictment must include not only the essential elements of the substantive criminal offenses charged against a defendant, but also any additional factual findings necessary for the imposition of a non-presumptive sentence falling within the permissible statutory range, which ultimately may or may not be made post-conviction at the sentencing hearing after a pre-sentence investigation.

In *Foster*, 845 N.E.2d at 487-88, the Ohio Supreme Court held that certain sections of Ohio's sentencing code had been "eviserated by *Blakely*." To remedy the constitutional infirmity, however, the *Foster* court adopted the approach used by the

---

[4]Petitioner's unsuccessful delayed appeal motion did not restart the running of the statute of limitations under 28 U.S.C. § 2244(d)(1)(A), although, if properly filed, it could serve to toll an unexpired limitations period under § 2244(d)(2). *See, e.g., Winkfield v. Bagley*, 66 Fed.Appx. 578, 582 (6th Cir. May 28, 2003) (not published in Federal Reporter), *cert. denied*, 540 U.S. 969 (2003); *cf. Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir.), *cert. denied*, 534 U.S. 905 (2001). The undersigned recognizes that the Supreme Court has held that the *granting* of a delayed appeal motion restores the pendency of the direct appeal, thereby rendering the conviction non-final under § 2244(d)(1)(A). *See Jimenez v. Quarterman*, 129 S.Ct. 681, 686 (2009). In this case, however, petitioner's delayed appeal motion was denied; therefore, it could only be considered for tolling purposes under § 2244(d)(2).

Supreme Court in *United States v. Booker,* 543 U.S. 220 (2005), with respect to the federal sentencing guidelines, of severing the four *Blakely*-offending portions of Ohio's sentencing statutes and granting trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *See Foster,* 845 N.E.2d at 494-98. By excising the provisions that rendered Ohio's sentencing scheme mandatory and thus permitting the sentencing court broad discretion to impose a sentence within the applicable statutory range, the *Foster* court adopted a remedy that, as in *Booker,* 542 U.S. at 233, "encounters no Sixth Amendment shoal" and thus certainly no jurisdictional hurdle.

In any event, no jurisdictional concerns are triggered here because, contrary to petitioner's contention, the trial court did not make any additional findings in determining petitioner's sentence. Instead, the court merely imposed the sentence that the parties had jointly recommended as a term of their plea bargain. Indeed, it appears from the record that the trial court imposed the precise terms of imprisonment that the parties had agreed to in arriving at the aggregate thirteen-year sentence. (*See* Doc. 4, Exs. 3-5).

Second, petitioner argues that to the extent his claims are governed by a limitations provision, the provision set forth in 28 U.S.C. §2244(d)(1)(B) applies to his claims. (Doc. 5, pp. 1-2). Specifically, petitioner contends that he was prevented from filing a timely federal habeas petition by conduct that amounted to a state impediment under § 2244(d)(1)(B) in the absence of evidence in the record that he was "personally advised ... of his right to appeal" and that he "knowingly and intelligently waived his State right to appeal and the appointment of counsel for such appeal." (*Id.*).

The limitations provision set forth in § 2244(d)(1)(B) has been found to apply in cases where the petitioner has alleged that his counsel was ineffective in perfecting or pursuing an appeal requested by him and such ineffectiveness actually prevented the petitioner from filing a timely habeas petition. *See, e.g., Waldron v. Jackson,* 348 F.Supp.2d 877, 882-86 (N.D. Ohio 2004); *Woods v. Jackson,* No. 1:00cv803, 2006 WL 746293, at *5-7 (S.D. Ohio Mar. 22, 2006) (Spiegel, S.J.) (unpublished); *see also Winkfield v. Bagley,* 66 Fed.Appx. 578, 582-83 (6th Cir. May 28, 2003) (not published in Federal Reporter), *cert. denied,* 540 U.S. 969 (2003); *Dean v. Pitcher,* No. Civ. 02-71203-DT, 2002 WL 31875460, at *3 (E.D. Mich. Nov. 7, 2002) (unpublished); *Collier v. Dretke,* No. 3:03-CV-2744-L, 2004 WL 1585903, at *2 (N.D. Tex. July 13, 2004) (Report & Recommendation) (unpublished), *adopted,* 2004 WL 1944030 (N.D.

7

Tex. Aug. 31, 2004) (unpublished); *Felton v. Cockrell*, No. 3:03-CV-0764-L, 2003 WL 21946862, at *3 (N.D. Tex. Aug. 13, 2003) (Report & Recommendation) (unpublished).[5]

In this case, petitioner has not alleged that he asked his trial counsel to prepare and file an appeal on his behalf. He claims only that he was not adequately informed of his right to an appeal as of right which had to be exercised within thirty days of the final judgment entry.

The undersigned gives little credence to petitioner's claim that he was not adquately informed of his right to an appeal. In the written plea agreement signed by petitioner, petitioner stated that he understood his "right to appeal a maximum sentence, my other limited appellate rights *and that any appeal must be filed within 30 days of my sentence*;" petitioner also stated that he had "read this form and . . . knowingly, voluntarily, and intelligently enter this guilty plea." (Doc. 4, Ex. 3) (emphasis added). It, therefore, appears clear from the record that petitioner was placed on notice and understood at the time he entered his plea that he had at least a limited right to an appeal, which he was required to file promptly within a thirty-day time frame. *Cf. Hawk v. Warden, Noble Corr. Inst.*, No. 2:06cv707, 2007 WL 2840319, at *1, 4 (S.D. Ohio Sept. 27, 2007) (Watson, J.; Abel, M.J.) (unpublished) (rejecting the petitioner's argument that he was actually prevented from timely filing his federal habeas petition, where the petitioner was similarly informed in the written plea agreement that he had a limited right of appeal which he was required to file within thirty days of sentencing); *see also Pearl v. Warden, Lebanon Corr. Inst.*, No. 1:08cv03, 2009 WL 89502, at *3, *8 (S.D. Ohio Mar. 30, 2009) (Barrett, J.; Hogan, M.J.) (unpublished).

In addition, there is no merit to petitioner's contention that he was prevented from filing a timely federal habeas corpus petition in the absence of evidence in the record that he "knowingly and intelligently waived his State right to appeal and the appointment of counsel for such appeal."

In an analogous case, the undersigned rejected such a claim on the merits in a

---

[5] *Cf. Granger v. Hurt*, 90 Fed.Appx. 97 (6th Cir. Jan. 23, 2004) (not published in Federal Reporter) (petition was timely filed under § 2244(d)(1)(D), because the petitioner did not act outside the scope of due diligence by waiting two months before inquiring about the status of his appeal which he believed had been filed by his attorney); *but see Dunker v. Bissonnette*, 154 F.Supp.2d 95, 105 (D. Mass. 2001) (rejecting argument that the petitioner's court-appointed attorney was a "state actor" under § 2244(d)(1)(B)).

8

Report and Recommendation that was adopted by the Court. *See Espinal v. Warden, Noble Corr. Inst.*, No. 1:05cv 812, 2007 WL 1288175, at *1, *7-8 (S.D. Ohio May 1, 2007) (Dlott, J.; Hogan, M.J.) (unpublished). In rejecting the claim, the Court reasoned in pertinent part as follows:

> In *Swenson v. Bosler*, 386 U.S. 258, 260 (1967) (per curiam), the Supreme Court stated: "When a defendant whose indigency and a desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel."... Some courts within the Sixth Circuit have interpreted this statement in *Swenson* as requiring the defendant's knowing and intelligent waiver of his rights to an appeal and to counsel on appeal, which cannot be presumed from a "silent record." *See, e.g., Ward* [*v. Wolfenbarger*], 323 F.Supp.2d [818,] 829 [(E.D. Mich. 2004)]; *Duncan v. United States*, 842 F.Supp. 1016, 1017 (M.D. Tenn. 1993), *aff'd mem.*, 28 F.3d 1213 (6th Cir. 1994); *United States v. Aloi*, 773 F.Supp. 55, 63 (N.D. Ohio 1991), *vacated in part*, 9 F.3d 438 (6th Cir. 1993); *cf. Boyd v. Cowan*, 519 F.2d 182, 184 (6th Cir. 1975) (holding "there was no knowing, intelligent, and intentional relinquishment ... of either appellant's right to counsel at appeal or of his right to appeal" in the absence of evidence in the record that (1) petitioner was personally advised of his attorney's opinion about the futility of an appeal and agreed with such advice, or that (2) petitioner delegated to his sister the decision as to whether or not to appeal); *Hill v. Jago*, 774 F.2d 1162 (table), No. 83-3448, 1985 WL 13680, at **2 (6th Cir. Sept. 30, 1985) (unpublished) (finding that petitioner voluntarily waived his right of appeal when he voluntarily dismissed his direct appeal "despite his awareness of the consequences").
>
> However, these decisions ultimately turned on whether constitutional violations had occurred either because the defendant was neither aware nor informed of his appellate rights, or because counsel failed to perfect an appeal specifically requested by the defendant. *See Ward*, 323 F.Supp.2d at 829 (finding constitutional violation because petitioner was never advised of his right to appeal or his right to appointment of counsel on appeal); *Duncan*, 842 F.Supp. at 1023 (finding no constitutional violation because the evidence failed to

Report and Recommendation that was adopted by the Court. *See Espinal v. Warden, Noble Corr. Inst.,* No. 1:05cv 812, 2007 WL 1288175, at *1, *7-8 (S.D. Ohio May 1, 2007) (Dlott, J.; Hogan, M.J.) (unpublished). In rejecting the claim, the Court reasoned in pertinent part as follows:

> In *Swenson v. Bosler,* 386 U.S. 258, 260 (1967) (per curiam), the Supreme Court stated: "When a defendant whose indigency and a desire to appeal are manifest does not have the services of his trial counsel on appeal, it simply cannot be inferred from defendant's failure specifically to request appointment of appellate counsel that he has knowingly and intelligently waived his right to the appointment of appellate counsel."... Some courts within the Sixth Circuit have interpreted this statement in *Swenson* as requiring the defendant's knowing and intelligent waiver of his rights to an appeal and to counsel on appeal, which cannot be presumed from a "silent record." *See, e.g., Ward* [*v. Wolfenbarger*], 323 F.Supp.2d [818,] 829 [(E.D. Mich. 2004)]; *Duncan v. United States,* 842 F.Supp. 1016, 1017 (M.D. Tenn. 1993), *aff'd mem.,* 28 F.3d 1213 (6th Cir. 1994); *United States v. Aloi,* 773 F.Supp. 55, 63 (N.D. Ohio 1991), *vacated in part,* 9 F.3d 438 (6th Cir. 1993); *cf. Boyd v. Cowan,* 519 F.2d 182, 184 (6th Cir. 1975) (holding "there was no knowing, intelligent, and intentional relinquishment ... of either appellant's right to counsel at appeal or of his right to appeal" in the absence of evidence in the record that (1) petitioner was personally advised of his attorney's opinion about the futility of an appeal and agreed with such advice, or that (2) petitioner delegated to his sister the decision as to whether or not to appeal); *Hill v. Jago,* 774 F.2d 1162 (table), No. 83-3448, 1985 WL 13680, at **2 (6th Cir. Sept. 30, 1985) (unpublished) (finding that petitioner voluntarily waived his right of appeal when he voluntarily dismissed his direct appeal "despite his awareness of the consequences").
>
> However, these decisions ultimately turned on whether constitutional violations had occurred either because the defendant was neither aware nor informed of his appellate rights, or because counsel failed to perfect an appeal specifically requested by the defendant. *See Ward,* 323 F.Supp.2d at 829 (finding constitutional violation because petitioner was never advised of his right to appeal or his right to appointment of counsel on appeal); *Duncan,* 842 F.Supp. at 1023 (finding no constitutional violation because the evidence failed to

9

support petitioner's contention that he had directed his attorney to file an appeal); *Aloi,* 773 F.Supp. at 62-63 (finding constitutional violation because petitioner was not advised, and was thus unaware, of his right to appeal or right to appointed counsel on appeal). As the Fifth Circuit has recognized, "[w]hile some circuits have spoken in terms of waiver when addressing the decision whether to appeal, no circuit has failed to find waiver when the petitioner actually knew of his appellate rights and no circuit has inquired into the mental condition of the petitioner at the time he was advised of his appellate rights." *Norris v. Wainwright,* 588 F.2d 130, 136-37 & n. 3 (5th Cir.), *cert. denied,* 444 U.S. 846 (1979).

Although courts ordinarily require a voluntary and intelligent waiver of a known constitutional right, *see Johnson v. Zerbst,* 304 U.S. 458, 464 (1938), "[t]he right to appeal ... is not a negative right to be used as a shield against government intrusion." *Childs v. Collins,* 995 F.2d 67, 69 (5th Cir.), *cert. denied,* 510 U.S. 1016 (1993); *see also White v. Johnson,* 180 F.3d 648, 654-55 (5th Cir. 1999). Instead, the right to appeal is a state-created right; it is not a component of the Sixth Amendment right to effective assistance of counsel or an independent right found in the Constitution, such as the right to be free from self-incrimination or the right to a trial by jury. *See Norris,* 588 F.2d at 137; *see also United States v. Sledd,* 575 F.Supp. 578, 582 (N.D. Ill. 1983) (citing *Rodriquez [v. United States],* 395 U.S. [327,] 329 [(1969)], and *United States v. Robinson,* 361 U.S. 220, 226 (1960)). "[I]t is a positive right that must be affirmatively exercised." *Childs,* 995 F.2d at 69; *see also White,* 180 F.3d at 654; *Norris,* 588 F.2d at 137 ("A defendant properly informed of his appellate rights may not 'let the matter rest' ... and then claim that he did not waive his right to appeal.").

"Consequently, waiver of the right to appeal requires only that there be a knowledge of the right to appeal and a failure to make known the desire to exercise that right." *Childs,* 995 F.2d at 69 (and cases cited therein); *see also White,* 180 F.3d at 654 ("a defendant may be held to have waived the right to appeal upon a showing that the defendant was fully informed of his appellate rights and failed to make known his desire to exercise those rights"). In *Roe [v. Flores-Ortega,* 528 U.S. 470 (2000)], the Supreme Court implicitly endorsed the Fifth

Circuit's position by expressly rejecting a *per se* rule effectively imposing the duty on counsel in all cases "either (1) to file a notice of appeal, or (2) to discuss the possibility of an appeal with the defendant, ascertain his wishes, and act accordingly." *Roe*, 528 U.S. at 478.

*Id.* at *7-8 (footnotes omitted).[6]

Therefore, petitioner is unable to prevail on any argument stemming from the absence of evidence in the record of his knowing and voluntary waiver of his right of appeal in this case. In addition, more to the point in this case, petitioner has not shown how he was prevented him from filing a timely federal habeas petition merely because the record does not explicitly reflect his knowing and voluntary waiver of a right that he knew had to be exercised within thirty (30) days of sentencing.

In any event, the Court finds that as a matter of state law, petitioner did in fact forfeit his right to appeal his agreed-to sentence, which fell within the statutory range authorized under Ohio law, when he knowingly, intelligently and voluntarily entered his guilty plea in this case. Ohio Rev. Code § 2953.08(D) provides that a "sentence imposed upon a defendant is not subject to review . . . if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."[7]

---

[6]In *Hall v. Yanai*, 197 Fed.Appx. 459, 460-61 (6th Cir. Sept. 27, 2006) (not published in Federal Reporter), *cert. denied*, 127 S.Ct. 2944 (2007), the Sixth Circuit also implicitly endorsed this position when it affirmed the district court's judgment, which in part rested on the same analysis that was articulated by the magistrate judge in the "comprehensive report and recommendation" adopted by the district court.

[7]Although in *Foster,* the Supreme Court of Ohio struck down several provisions of Ohio's sentencing statutes as unconstitutional in light of *Blakely,* § 2953.08(D) was not among the provisions severed. *Foster* did not "change the statutory range of punishments. Thus, any sentence imposed upon an offender that falls within the statutory range of available sentences still remains a sentence 'authorized by law' under Ohio Rev. Code § 2903.08(D)." *State v. Billups,* No. 06AP-853, 2007 WL 853335, at *2 (Ohio Ct. App. 10 Dist. Mar. 22, 2007) (unpublished), *appeal dismissed,* 872 N.E.2d 952 (Ohio 2007); *see also Rockwell v. Hudson,* No. 5:06cv391, 2007 WL 892985, at *6 (N.D. Ohio Mar. 21, 2007) (unpublished) (citing *State v. Mathis,* 846 N.E.2d 1, 6 (Ohio 2006); *State v. Porterfield,* 829 N.E.2d 690, 691 (Ohio 2005) (syllabus)) ("Under Ohio law, a sentence imposed by the trial court which is authorized by law and recommended jointly by the defense and prosecution is not subject to appellate review."); *Cornell v. Jeffries,* No. 2:05cv948, 2006 WL 2583300, at *8 (S.D. Ohio Sept. 7, 2006) (Smith,

To the extent that petitioner alleges herein that his sentence was not "authorized by law" within the meaning of Ohio Rev. Code § 2953.08(D) because it was imposed in violation of *Blakely*, Ohio's appellate courts are in accord that the Supreme Court cases leading up to and resulting from *Blakely* are inapplicable to a stipulated sentence authorized by state law and imposed in accordance with the parties' plea agreement, which relieves the onus of fact-finding from the trial court. *See, e.g., State v. Brown,* No. 05AP-375, 2006 WL 225524, at *3 (Ohio Ct. App. 10 Dist. Jan. 31, 2006) (unpublished) (holding that because a *Blakely* claim "is premised upon the need for a jury to make certain statutorily required sentencing findings," and because no such findings are required under Ohio law when the parties agree to and jointly recommend the sentence imposed, *Blakely* could not be applied to the defendant's sentence), *appeal dismissed,* 848 N.E.2d 859 (Ohio 2006); *State v. Ranta,* No. 84976, 2005 WL 1705744, at *3 (Ohio Ct. App. 8 Dist. July 21, 2005) (unpublished) ("*Blakely* addresses only those instances in which a judge makes findings statutorily required for the imposition of certain sentences. Because we conclude in the case at bar that as a result of the plea agreement no findings were required, *Blakely* does not apply for this very specific reason.");[8] *cf. Porterfield,* 829 N.E.2d at 694 (holding that under Ohio Rev. Code § 2953.08(D), "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence").

Indeed, in analogous cases, this Court has consistently recognized that "by agreeing as a term of the plea bargain to a specified prison sentence . . . petitioner waived any argument that such sentence was imposed under statutory standards held to be unconstitutional by the [Ohio] Supreme Court in ... *Foster* ... in light of *Blakely*...." *Todd v. Wolfe,* No. 1:05cv737, 2007 WL 951616, at *5 (S.D. Ohio Mar. 28, 2007) (Spiegel, S.J.; Black, M.J.) (unpublished) (citing numerous Ohio

---

J.) (unpublished) (and numerous Ohio cases cited therein).

[8]*See also State v. Spurling,* No. C-060087, 2007 WL 624993, at *3 (Ohio Ct. App. 1 Dist. Mar. 2, 2007) (unpublished) (citing *State v. Simmons,* No. C-050817, 2006 WL 3111415, at *2-3 (Ohio Ct. App. 1 Dist. Nov. 3, 2006) (per curiam) (unpublished), *appeal dismissed,* 862 N.E.2d 844 (Ohio 2007)), *appeal dismissed,* 870 N.E.2d 733 (Ohio 2007); *State v. Nguyen,* No. L-05-1369, 2007 WL 1229306, at *5 (Ohio Ct. App. 6 Dist. Apr. 27, 2007) (unpublished); *State v. Carrico,* No. 2005CA00324, 2007 WL 427909, at *3 (Ohio Ct. App. 5 Dist. Feb. 5, 2007) (unpublished); *State v. Giesey,* No. 5-06-31, 2006 WL 3771982, at *2 (Ohio Ct. App. 3 Dist. Dec. 26, 2006) (unpublished); *State v. Bower,* No. 06CA3058, 2006 WL 3530134, at *3 (Ohio Ct. App. 4 Dist. Nov. 30, 2006) (unpublished); *State v. Kimble,* No. 2005-T-0085, 2006 WL 3350483, at *5 (Ohio Ct. App. 11 Dist. Nov. 17, 2006) (unpublished); *State v. Woods,* No. 05CA0063, 2006 WL 1284613, at *2 (Ohio Ct. App. 2 Dist. May 5, 2006) (unpublished).

12

appellate court decisions); *see also Crenshaw v. Hart*, No. 1:07cv575, 2008 WL 4877765, at *7 (S.D. Ohio Nov. 12, 2008) (Beckwith, C.J.; Black, M.J.) (unpublished) (and cases cited therein).[9]

Accordingly, in sum, because the trial court imposed the precise sentence that the parties had agreed to as part of their plea bargain and petitioner is unable to prevail on any claim that the sentence was not "authorized by law" under state-law standards or under constitutional standards enunciated in *Blakely* and applied in *Foster*, the undersigned concludes that petitioner waived his right to appeal his sentence when he entered his guilty plea. The limitations provision set forth in 28 U.S.C. § 2244(d)(1)(B), therefore, is not applicable to the case-at-hand.

For the foregoing reasons, the undersigned adopts the position espoused by respondent that petitioner's claims for relief are governed by the limitations provision set forth in 28 U.S.C. § 2244(d)(1)(A), which provides that the one-year statute of limitations begins to run from the date on which the challenged judgment became "final" by the conclusion of direct review or the expiration of time for seeking such review.[10] As discussed above, the statute commenced running under this provision on June 23, 2006 and expired one year later on June 23, 2007, even after taking into account statutory tolling under 28 U.S.C. § 2244(d)(2), unless

---

[9] *Cf. Carley v. Hudson*, 563 F.Supp.2d 760, 777-78 & n.6 (N.D. Ohio 2008). In so holding, the undersigned acknowledges there is a contrary decision from the Columbus Division of this Court. *See Friley v. Wolfe*, No. 2:05cv396, 2006 WL 3420209 (S.D. Ohio Nov. 27, 2006) (Marbley, J.) (unpublished). However, for the reasons set forth in *Warren v. Warden, Noble Corr. Inst.*, No. 1:06cv534, 2008 WL 1732976, at *5, *16-17 (S.D. Ohio Apr. 10, 2008) (Barrett, J.; Hogan, M.J.) (unpublished), the Court declines to follow *Friley*. *Cf. Suttles v. Wolfe*, 1:06cv55 (S.D. Ohio July 17, 2007) (Spiegel, S.J.; Hogan, M.J.) (Doc. 13, pp. 7, 10; *see also* Doc. 12, pp. 18-20) (unpublished) (where the district judge assigned to the instant case held in another analogous case that "despite the contrary decision in *Friley* ..., because the trial court imposed a sentence based on facts Petitioner admitted to in the plea agreement, and not on any judicially ascertained facts, Petitioner's sentence could not be in violation of the Sixth Amendment or *Blakely*").

[10] It is noted that the one-year limitations provision set forth in 28 U.S.C. § 2244(d)(1)(D) also is inapplicable in this case. It is clear from the record that petitioner was aware at the time of sentencing that the trial court was imposing non-presumptive sentences for the manslaughter offense and attached firearm specification per the parties' plea agreement. Therefore, the factual predicate underlying petiitoner's claims for relief was discoverable in the exercise of due diligence at the time petitioner was sentenced on April 28, 2006 and the "nunc pro tunc" final judgment entry was filed on May 23, 2006. (*See* Doc. 4, Exs. 4-5).

equitable tolling principles apply to extend the limitations period.

The statute of limitations may be equitably tolled in limited circumstances. *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.), *cert. denied,* 534 U.S. 1057 (2001); *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court stated that a petitioner seeking equitable tolling generally bears the burden of establishing that (1) he has been pursuing his rights diligently; and (2) "some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418 (citing *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

Before *Pace,* the Sixth Circuit required the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews,* 851 F.2d at 151). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

In this case, petitioner is not entitled to equitable tolling. He has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas petition with this Court or that he is otherwise entitled to equitable tolling under *Dunlap.*

Accordingly, in sum, the Court concludes that the instant petition filed in September 2008, over a year after the expiration of the one-year limitations period, is time-barred. Respondent's motion to dismiss (Doc. 4) should be granted.

14

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 4) be **GRANTED**, and petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any Order adopting this Report and Recommendation to dismiss the petition on procedural statute of limitations grounds, because under the applicable two-part standard established in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling or whether petitioner has stated a viable constitutional claim in his grounds for relief challenging his sentence, which was agreed to as term of the parties' plea bargain, as well as his trial counsel's failure to raise any claim challenging the trial court's authority to impose the agreed-to sentence. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 6/4/09
cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2009 habeas orders\08-635grant-MTD.sol.blakely-foster-agreedsentence.delayapppeal-rtappeal-iac.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Angel Batista,
    Petitioner

vs                              Case No. 1:08cv635
                                   (Spiegel, S.J.; Hogan, M.J.)

Warden, Trumbull Correctional
Institution,
    Respondent

# NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled habeas corpus actio brought under 28 U.S.C. § 2254. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee |
| | B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>Angel Batista #519-727<br>Trumbull Corr. Inst.<br>PO Box 901<br>5701 Burnett Road<br>Leavittsburg, OH 44430 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8388 4605 |
| PS Form 3811, August 2001 | Domestic Return Receipt    102595-01-M-2509 |

1:08cv635   Doc.7