UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ANGEL BATISTA, | : | NO. 1:08-CV-00635 |
| Petitioner, | : | |
| v. | : | **OPINION AND ORDER** |
| WARDEN, LEBANON CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 7) and Petitioner's Objection (doc. 9). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation and GRANTS Respondent's Motion to Dismiss Petitioner's Petition as time-barred.

Petitioner filed his pro se Petition for a Writ of Habeas Corpus on September 10, 2008, challenging his April 28, 2006 sentence in the Hamilton County, Ohio Court of Common Pleas for voluntary manslaughter with an attached firearm specification (doc. 7). Petitioner had entered a guilty plea, in which he stated that he understood his "right to appeal a maximum sentence, my other limited appellate rights and that any appeal must be filed within 30 days of my sentence" (Id.). Petitioner also stated that he agreed with the prosecution on a potential sentence amounting to thirteen years on all counts (Id.). The court sentenced

Petitioner in accordance with the specific terms of the plea agreement to a prison term totaling thirteen years (Id.). Petitioner did not pursue and appeal as of right from the sentence, but waited two years, when he filed a pro se notice of appeal and motion for leave to file a delayed appeal in the Ohio Court of Appeals (Id.). In his motion, Petitioner claimed his sentence is unauthorized and contrary to law, blamed the delay in filing on his lawyer and on the claim that he did not knowingly, intelligently, and voluntarily waive his right to appeal as of right (Id.). The Court of Appeals rejected Petioner's motion and Petitioner appealed to the Ohio Supreme Court (Id.). The Ohio Supreme Court similarly denied Petitioner leave to appeal "as not involving any substantial constitutional question" (Id.).

Petitioner brings the instant habeas petition raising three grounds for relief (Id.). He argues 1) that the trial court exceeded its sentencing authority and thus denied him due process, 2) that his counsel was ineffective in failing to recognize that the trial court only had the authority to impose the shortest prison term of six years, and 3) that habeas corpus relief must be permanent (doc. 1). Respondent filed a motion to dismiss, contending the Petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) (doc. 4). In Respondent's view, because Petitioner's Judgement Entry was entered on May 23, 2006, he had thirty days, until June 23, 2006 to

file an appeal, but did not do so (Id.). Respondent argues Petitioner's Petition therefore became final on June 23, 2006, and he had a year, until June 22, 2007 to file his habeas petition (Id.). As Petitioner did not file the instant Petition until September 10, 2008, Respondent argues it is time-barred.

The Magistrate Judge found Respondent's position well-taken that Petitioner's Petition is barred from review on statute of limitations grounds (doc. 7). Moreover, the Magistrate Judge opined that Petitioner waived his right to an appeal, and he has not demonstrated the requisite extraordinary circumstance to merit equitable tolling of the one-year statute of limitations governing federal habeas petitions (Id.). The Magistrate Judge gave "little credence to Petitioner's claim that he was not adequately informed of his right to an appeal," noting that the written plea agreement, which Petitioner signed, stated he knew that "any appeal must be filed within 30 days of my sentence" (Id.). Accordingly, the Magistrate Judge recommended that the Court grant Respondent's motion to dismiss and dismiss the Petition as time barred under 28 U.S.C. § 2244(d).

Petitioner objected to the Magistrate Judge's Report and Recommendation on the grounds that the trial court did not advise him regarding his appellate rights (doc. 9). Petitioner further moved to amend his Petition to add a fourth ground, that he was denied due process when the state court failed to advise him he had

thirty days within which to appeal his conviction (Id.). Petitioner stated the written transcript of his sentencing hearing would prove that he was not advised of such right (Id.).

In response to Petitioner's claim concerning the written transcript, the Court ordered Respondent to file such transcript, which it did, on September 19, 2009 (doc. 11). The Court has reviewed such transcript and has concluded that Petitioner is absolutely correct that the trial court did not advise him of his appellate rights at sentencing.

However, the Court concludes that Petitioner was not prejudiced by the state court's lack of provision of notice, as his plea agreement shows he had full knowledge of his right to appeal. This case therefore falls exactly on point with Pequero v. United States, 526 U.S. 23, 24-25, in which the Supreme Court found that where a Petitioner had knowledge of his appeal rights, the court's failure to inform him of such rights did not prejudice him, and he was not entitled to collateral relief.

Having reviewed this matter, therefore, the Court finds the Magistrate Judge's Report and Recommendation thorough, well-reasoned, and correct. Petitioner filed his Petition in September 2008, over a year after the expiration of the one-year limitations period in 28 U.S.C. § 2244. Accordingly, the Court GRANTS Respondent's Motion to Dismiss (doc. 4), and DISMISSES Petitioner's Petition for a Writ of Habeas Corpus (doc. 1) as time-barred under

28 U.S.C. 2244.  The Court further finds that a certificate of appealability should not issue with respect to this Order dismissing the petition on statute of limitations grounds, because under the two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling or whether Petitioner has stated a viable constitutional claim in his grounds for relief challenging his sentence, which was agreed to as a term of the parties' plea bargain, as well as his trial counsel's failure to raise any claim challenging the trial court's authority to impose the agreed-to sentence.  28 U.S.C. § 2253 (c), Fed. R. App. P. 22(b).  Finally, with respect to any application by Petitioner to proceed on appeal in forma pauperis, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith, and therefore the Court DENIES Petitioner leave to proceed on appeal in forma pauperis upon a showing of financial necessity.  Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: October 6, 2009        s/S. Arthur Spiegel
                              S. Arthur Spiegel
                              United States Senior District Judge

5